IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ZURZOLO, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 04-1348 |
| | ) Judge Arthur J. Schwab |
| | ) Magistrate Judge Amy Reynolds Hay |
| | ) |
| BUTLER COUNTY PRISON, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

I.   RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss (doc. no. 11) be granted.

II.  REPORT

Plaintiff, Franklin Zurzolo, is a prisoner presently confined at the State Correctional Institution at Greene (SCI-Greene). He has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against the sole Defendant, Butler County Prison, claiming that he failed to receive adequate medical treatment. For the reasons that follow, the Defendant's Motion to Dismiss should be granted.

   A.   **Standard of Review**

The Defendant has filed a Motion to Dismiss complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 11). A motion to dismiss cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be

proved consistent with the allegation." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

**B.   Exhaustion of Administrative Remedies**

In its Motion, the Defendant first moves to dismiss Plaintiff's complaint due to his failure to have exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). In this regard, through the PLRA, Congress amended 42 U.S.C. § 1997(e) to prohibit prisoners from bringing an action with respect to prison conditions pursuant to 42 U.S.C. § 1983 or any other federal law, until such administrative remedies as are available are exhausted.  Specifically, the act provides, in pertinent part, as follows.

> No action shall be brought with respect to
> prison conditions under section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. § 1983), or any other Federal law,
> by a prisoner confined in any jail, prison,
> or other correctional facility until such

>     administrative remedies as are available are
>     exhausted.

42 U.S.C. § 1997e.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and <u>Booth v. Churner</u>, 206 F.3d 289 (3d Cir. 2000) (civil rights action brought by a state prisoner).  In each of these cases, the Court of Appeals announced a bright line rule that inmate-plaintiffs must exhaust all available administrative remedies before they can file an action in federal court concerning prison conditions.  In so holding, the court specifically rejected the notion that there is ever a futility exception to section 1997e(a)'s mandatory exhaustion requirement.  <u>Booth</u>, 206 F.3d at 300; <u>Nyhuis</u>, 204 F.3d at 66.  A unanimous Supreme Court affirmed the Court of Appeals' holding in <u>Booth v. Churner</u>, 532 U.S. 731 (2001) where the Court confirmed that in the PLRA Congress mandated exhaustion of all available administrative remedies, regardless of the relief offered through those administrative procedures.  In addition, in <u>Porter v. Nussle</u>, 534 U.S. 516 (2002), the Supreme Court clarified that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general

circumstances or specific episodes and whether they allege excessive force or other conduct.[1]

Failure to exhaust administrative remedies is an affirmative defense, typically reserved for the summary judgment stage. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Notwithstanding, In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss. Id. at 295 n. 8. In this instance, the Complaint, on its face, shows that Plaintiff failed to exhaust. Specifically, Plaintiff filled out a pre-printed complaint form used in this District. The pre-printed form contains a question asking if there is a prisoner grievance procedure at the institution at issue in the complaint. Complaint, doc. no. 6 at ¶ V.A. Plaintiff checked the box marked "yes" to this question. The pre-printed form next asks whether the prisoner presented the facts relating to his complaint in the state prisoner grievance procedure. Compl. at ¶ V.B. In response, Plaintiff checked "no." Then in response to the question as to what steps did he take, Plaintiff replied "none."

Thus, the record reveals that in his Complaint Plaintiff admitted that he did not file a grievance concerning his medical treatment claim in accordance with the Butler County

---

1. Also in Nussle, the Supreme Court confirmed that federal prisoners suing under Bivens v. Six Unknown Fed. Narcotics Agents, first must exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit.

Prison administrative procedure rules. Nor has he set forth any plausible explanation as to why he did not comply with the mandatory exhaustion requirement for his claim. Instead, he tries to make excuses for his failure to file a grievance by claiming "lack of ability to function properly due to physical and mental health." Complaint, ¶ V.D. Plaintiff cannot create a material issue of fact simply by making these vague, unsupported allegations. In this regard, former Chief Judge D. Brooks Smith (now Circuit Judge for the United States Court of Appeals for the Third Circuit), specifically held that:

> allowing prisoners to avoid the PLRA's exhaustion requirement merely by alleging that they were prevented from doing so would undermine the very purpose of the PLRA. Congress passed the PLRA "largely in response to concerns about the heavy volume of frivolous prison litigation in federal courts." [Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)]. In Nyhuis, the Third Circuit found that carving a futility exception into the PLRA would frustrate the Congressional purpose to stem the tide of prisoner lawsuits. Id. In addition, the Court noted that such an exception would merely allow clever inmates to plead their way around the PLRA's exhaustion mandate by alleging that exhaustion would be futile. Id. I confront the same problem in the instant case. Adopting a rule that permits prisoners to avoid the exhaustion requirements merely by claiming that they were prevented from filing a grievance would create an exception to the PLRA large enough to swallow the general rule. Based on the Third Circuit's holding that permitting such an exception would undermine Congressional purpose, I refuse to adopt such an exception today.

Gallman v. Horn, Civil Action 99-138J (W.D. Pa.. October 31, 2000) (Mem. Ord. pp. 3-4).

As stated by the Third Circuit, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis, 204 F.3d at 73 (quotation omitted). The Supreme Court of the United States reiterated this tenet when it affirmed the Third Circuit's holding in Booth. Consequently, this Court is required to follow the Supreme Court's directive in Booth and dismiss Plaintiff's complaint due to his failure to have exhausted his available administrative procedures. Accord Quillar v. Brinkman, 63 Fed.Appx. 361, 362 (9th Cir. 2003) ("The district court correctly dismissed Quillar's action because it was clear from the face of the amended complaint that he had failed to exhaust available prison administrative remedies.").

**C.   Liability under 42 U.S.C. § 1983**

Moreover, in the PLRA, Congress added the following language:  "In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."  See 42 U.S.C. § 1997e(c)(2).  The discussion below

6

reveals that the Plaintiff's allegations fail to state a claim upon which relief may be granted by this federal court, notwithstanding Plaintiff's failure to have exhausted his administrative remedies.

Because Plaintiff filed his action in federal court, this court will assume that he seeks to assert liability against the Defendants pursuant to Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

The sole Defendant in this action is the Butler County Prison (BCP). The BCP is not a separate governmental entity; it is a part of the county government of Butler County. Construing Plaintiff's allegations broadly, as is required under Haines v. Kerner, 404 U.S. 519 (1972), the Plaintiff's Complaint must be interpreted as stating a claim against Butler County. *See* Weigand v. Carver, 1986 WL 5728, *1 (E.D. Pa. May 19, 1986).

In Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978), the Supreme Court held that municipalities

and other local governmental units are "persons" subject to damages for liability under 42 U.S.C. § 1983.  In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of *respondeat superior*.  Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicts the injury.  <u>Monell</u>, 436 U.S. at 694.  The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, *i.e.*, acts which the municipality has officially sanctioned or ordered.  *Id*.

"Policy" is made when a decisionmaker possessing final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.  <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 481 (1986).  "[M]unicipal liability under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Id*. at 483 (citation omitted).

"Custom" can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law. Monell, 436 U.S. at 690.

However, identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation. In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link" between the municipality's custom or policy and the constitutional deprivation at issue. *See* City of Canton v. Harris, 489 U.S. 378, 392 (1989); Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). *See also* Board of County Comm'rs of Bryan County v. Brown, 117 S.Ct. 1382, 1389 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As the discussion above illustrates, liability against the BCP vis-a-vis Butler County must be premised on allegations of unconstitutional policies, practices or customs. However, the Plaintiff's Complaint is devoid of any allegation of any custom or policy of Butler County. In fact his sole claim reads as follows: "various staff: neglected to proper treatment." Compl. at ¶ IV.C. Random incidents of unconstitutional behavior,

9

without any direct involvement by a municipal policy maker, are not sufficient to impose municipal liability. <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808, 822 (1985); <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of the incident at issue, plus vague assertions about the police department's failure to investigate other wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of section 1983). As the Plaintiff has not alleged that his claim is based on any policy or custom attributable to the BCP or Butler County, his claim against the BCP should be dismissed for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that Defendant's Motion to Dismiss (doc. no. 11) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file

timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/   Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   16 December, 2005

cc:   Franklin V. Zurzolo FP-7362
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370

      Bruno A. Muscatello, Esq.
      STEPANIAN & MUSCATELLO
      222 South Main Street
      Butler, PA 16001